IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAFEWAY INSURANCE COMPANY, INC. as subrogee of Travis Smith, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO. 137-0388-CG-MU<br>) |
| UNITED STATES POSTAL SERVICE, and ANGELA E. RILEY, | )<br>)<br>) |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiff's motion for relief from judgment or order pursuant to Rule 60. (Doc. 13). As will be explained further below, the Court finds that because this Court did not have jurisdiction over this action at the time it was filed, Plaintiff's motion for relief is due to be denied.

This case was filed August 25, 2017, seeking money damages arising from a motor vehicle collision with a United States Postal Service vehicle. The action was dismissed without prejudice on November 14, 2017 at the request of the Plaintiff because Plaintiff had filed an administrative claim on a Standard Form 95[1] on August 9, 2017 that had not yet been determined. In its current motion, Plaintiff requests that the Court reconsider the order of dismissal and reinstate the case because the time for resolution of the administrative claim has expired and the Government has informed Plaintiff's counsel that the administrative claim will be

---
[1] A Standard Form 95 is the form used to file a claim against the government under the FTCA. *See* 28 C.F.R. § 14.2(a).

denied.

However, the Court finds it would be futile to reinstate this case because the Court did not have jurisdiction over the matter when it was filed. Pursuant to 28 U.S.C. § 2675(a), an action cannot be instituted upon a claim against the United States for money damages "unless the claimant shall have first presented the claim to the appropriate Federal agency" and the claim was denied or six months has passed since the claim was filed and the agency has failed to make a final disposition the claim.

> In other words, a claimant suing the United States under the FTCA must have 1) sought redress with the appropriate government agency and 2) either have been a) denied redress by that agency or b) waited a period of six months without a final decision from that agency.

*Harp v. UAB Hosp.*, 2012 WL 2358154, at *3 (N.D. Ala. June 20, 2012). "Noncompliance with section 2675 deprives a federal court jurisdiction over his or her claim." *Id.* (quoting *Adams v. United States*, 615 F.2d 284, 290 (5th Cir.1980)). The "existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Ashworth v. Burns*, 2009 WL 3242094, at *1 (S.D. Ala. Oct. 7, 2009) (citations omitted). Thus, even though the six-months has now run, because this Court did not have jurisdiction when the case was filed, reinstating the matter will be to no avail. *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (finding that although the six-month time period required by § 2675 had passed, the action must be dismissed because at the time the complaint was filed the required time period had not expired and jurisdiction must exist at the time the complaint is filed).

Accordingly, Plaintiff's motion for relief from judgment or order (Doc. 13), is **DENIED**.

**DONE** and **ORDERED** this 15th day of May, 2018.

                                        /s/ Callie V. S. Granade
                                        SENIOR UNITED STATES DISTRICT JUDGE